

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
ATTORNEY GENERAL

Honorable A. C. Foster
County Attorney
Haskell County
Haskell, Texas

Dear Sir:                          Opinion No. O-6754

                    Re: County Clerk's issuing marriage
                        licenses to members of armed
                        forces without charging pre-
                        scribed fee.

        We are in receipt of your letter of recent date re-
questing the opinion of this department on the above stated
matter.  We are also in receipt of your excellent brief, which
has been of material assistance in our consideration of this
matter.  We quote from your letter as follows:

        "Is it legal for the County Clerk to remit
fees due the clerk for issuing marriage licenses
to members of the armed forces, or in other words
may the clerk issue marriage licenses free of
charge to the members of the armed forces, and
not account for such fees in the Clerk's annual
report of fees of office?"

        The statutory provisions pertinent to your inquiry
are:

Article 3930, Vernon's Annotated Civil Statutes,
which, in part, provides:

        "Clerks of the county court shall receive
the following fees:

.  .  .  .

Issuing and recording marriage license .  .  .  . 1.00

.  .  .  .  "

Article 3896, V. A. C. S., which provides:

        "Each district, county and precinct officer

shall keep a correct statement of all fees earned by him and all sums coming into his hands as deposits for costs, together with all trust funds placed in the registry of the court, fees of office and commissions in a book or in books to be provided him for that purpose, in which the officer, at the time when such deposits are made or such fees and commissions are earned and when any or all of such funds shall come into his hands, shall enter the same; and it shall be the duty of the county auditor in counties having a county auditor to annually examine the books and accounts of such officers and to report his findings to the next succeeding grand jury or district court. In counties having no county auditor, it shall be the duty of the Commissioners' Court to make the examination of said books and accounts or have the same made and to make report to the grand jury as hereinabove provided."

Article 3897, V. A. C. S., which provides:

"Each district, county and precinct officer, at the close of each fiscal year (December 31st) shall make to the district court of the county in which he resides a sworn statement in triplicate (on forms designed and approved by the State Auditor) a copy of which statement shall be forwarded to the State Auditor by the clerk of the district court of said county within thirty (30) days after the same has been filed in his office, and one copy to be filed with the county auditor, if any; otherwise said copy shall be filed with the Commissioners' Court. Said report shall show the amount of all fees, commissions and compensations whatever earned by said officer during the fiscal year; and secondly, shall show the amount of fees, commissions and compensations collected by him during the fiscal year; thirdly, said report shall contain an itemized statement of all fees, commissions and compensations earned during the fiscal year which were not collected, together with the name of the party owing said fees, commissions and compensations. Said report shall be filed not later than February 1st following the close of the fiscal year and for each day after said date that said report remains not filed, said officer shall be liable to a penalty of Twenty-Five ($25.00) Dollars, which may be recovered by the county in a suit brought for such purposes, and in

addition said officer shall be subject to removal from office."

Article 102, Vernon's Annotated Penal Code, which provides:

"Any county officer or any district attorney to whom fees or costs are allowed by law who shall fail to charge up the fees or costs that may be due under existing laws, or who shall remit any fee that may be due under the laws, or who shall fail to make the report required by law, or who shall pay his deputy, clerk or assistant a less sum than specified in his sworn statement, or receive back as a rebate any part of the compensation allowed such deputy, clerk or assistant, shall be fined not less than twenty-five nor more than five hundred dollars. Each act forbidden by this article is a separate offense."

Also, we call your attention to the following language of Section 28, Article 1, Constitution of Texas: "No power of suspending laws shall be exercised except by the Legislature."

Although the Legislature has power to suspend or amend existing statutory law in order to meet changing conditions, we are unable to find any legislative enactment which exempts the members of the armed forces from the payment of the fee prescribed in Article 3930 for issuing and recording marriage licenses, and we find no provision exempting the county clerks from those provisions requiring said officers to charge up the fee that may be due under the law for said service and forbids them to remit any fee that may be due for such service under the law, or which exempts said clerks from keeping the accounts and making the sworn statement required by Articles 3896 and 3897 (supra). In this connection see Russell v. Cordwent, 152 S. W. 239).

In view of the foregoing, it is the opinion of this department that the County Clerk of Haskell County is without power to waive or remit the prescribed fee for issuing and recording marriage licenses for members of the armed forces. It is our further opinion that such fees should be accounted for and reported in conformity with the provisions of Articles 3896 and 3897, and that failure to charge up such fees when due or the remission of same would be in violation of the provisions of Article 102 of the Penal Code.

We trust that the foregoing satisfactorily answers your inquiry.

Yours very truly,

ATTORNEY GENERAL OF TEXAS


By s/J. A. Ellis
J. A. Ellis
Assistant

JAE:LJ:wc

APPROVED AUG 4, 1946
s/Ocie  Speer
(Acting) ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman